NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4045
_____

QI LIN
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99 023 507)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2010

Before:  BARRY, STAPLETON and NYGAARD, Circuit Judges

(Opinion filed: June 2, 2010)
_____

OPINION
_____

PER CURIAM

Qi Lin, a citizen of China, arrived in the United States in October 2005.  He

conceded that he was removable for entering without a valid entry document.  See

Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I) [8 U.S.C.

§ 1182(a)(7)(i)(I)]. Lin applied for asylum, withholding of removal, and for protection under the Convention Against Torture, claiming that, as the spouse of a woman who had been forced to have IUDs inserted and undergo an abortion, he qualified as a refugee under the Act. Administrative Record ("A.R."), 376-77. Lin's wife submitted a written statement, explaining that she became pregnant after the birth of her daughter in May of 2001. On September 2, 2003, family planning officials came to their house. During a struggle to prevent Lin's wife from leaving, one of the officials fell. A.R. 85, 377. Lin was blamed for the incident, but he was not arrested or charged with any crime. A.R. 120. Lin's wife was taken to the hospital, where an abortion was performed. A.R. 222. Lin also claimed that he had to pay a 10,000 RMB fine, that the government refused to permit him to have a second child, and that he fears persecution because he left China illegally. A.R. 95, 97, 106. He also asserted that he was "trouble[d] and harass[ed]" by the birth control officials. A.R. 377.

The Immigration Judge ("IJ") denied relief, noting that spouses do not automatically qualify as refugees under the Attorney General's decision in Matter of J-S-, 24 I. & N. Dec. 520 (AG 2008) (spouse of person forced to undergo abortion or sterilization is not automatically a refugee under INA § 101(a)(42)). With respect to Lin's other allegations, the IJ held that the 10,000 RMB fine did not constitute persecution, that the evidence did not support Lin's claim that the Chinese government would deny a permit to have a second child, and that Lin did not depart China illegally.

2

On appeal to the Board of Immigration Appeals ("BIA"), Lin conceded that his wife's experiences no longer automatically qualify him for asylum. A.R. 16-17. Instead, he requested that the Board remand the matter so he could demonstrate that he will be persecuted based on "other resistance" to China's family planning policies. A.R. 12. In particular, he alleged that the 10,000 RMB fine and the government's refusal to issue a birth permit constituted persecution. A.R. 13-17. The BIA dismissed the appeal, concluding that Lin failed to present any new evidence that the fine amounted to economic persecution or that the Chinese government will prevent him from having a second child. Lin filed a timely petition for review.

We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252]. "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, [this Court has] authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). This Court ultimately will review the BIA's and IJ's factual findings for substantial evidence. See Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007). "The [IJ's and] BIA's determination will not be disturbed unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir. 2008) (quotation omitted). An applicant for asylum has the burden of establishing that he is unable or unwilling to return to his home country "because of [past] persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political

opinion[.]" INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]. Persecution "connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (internal quotations omitted).

The spouses of those who have been persecuted by coercive population control policies are not automatically eligible for asylum. See Lin-Zheng v. Att'y Gen., 557 F.3d 147, 156 (3d Cir. 2009) (en banc). Based on the statutory definition of "refugee" in INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)], we concluded in Lin-Zheng that refugee status extends only to the individual who had been subjected to an involuntary abortion or sterilization procedure, had been persecuted for failing or refusing to undergo such a procedure, or had a well-founded fear of such persecution in the future. See id. Lin recognizes this, but argues that he established past persecution based on his opposition to his wife's abortion. See id. at 157 (noting that spouses remain eligible for relief if they qualify as a refugee under § 101(a)(42) [8 U.S.C. § 1101(a)(42)] based upon their own persecution, or well-founded fear of persecution, for "other resistance" to a coercive population control program). In his brief, Lin claims that he was beaten, but the record contains no testimony or statement supporting his allegation. He testified that he struggled with a birth control official who had come to take his wife to the hospital, and that the official "trouble[d] and harass[ed]" him. These incidents simply do rise to the level of persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005).

4

In addition, Lin has failed to demonstrate that the 10,000 RMB fine and the government's refusal to issue a birth permit constitute persecution, nor did he show that a remand was necessary to develop such evidence. Lin testified that the fine was imposed verbally and that he did not take it seriously. A.R. 115; see also Yu v. Att'y Gen., 568 F.3d 1328, 1334 (11th Cir. 2009) (concluding that petitioner who hid from authorities with his wife to avoid her sterilization did not show "other resistance" and that fine was insufficient to establish past persecution). With respect to the birth permit, Lin explained that the local birth control policy allows a couple to have a second child four years after a girl is born. A.R. 81. Lin testified that he applied for such a permit, but explained that village officials denied his application and "kept putting things off." A.R. 95. But Lin suggested that he could apply again, noting that the village officials "gave us [a] warning," that "it will be difficult to get things done when I go to them in the future" and that "sometimes they will not issue certificates." A.R. 95. Given this testimony, a reasonable adjudicator would not be compelled to conclude that the BIA incorrectly determined that "it is speculative that the government of the PCR would deny [Lin] a birth permit to have a second child."

In sum, substantial evidence supports the determination that Lin has not suffered past persecution and does not have a reasonable fear of future persecution. Because Lin cannot satisfy the asylum standard, he cannot satisfy the more difficult withholding of removal standard. See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003).

Additionally, there is no evidence that Lin had been or would be tortured.

For the foregoing reasons, we will deny the petition for review.